(95 South. 41)

**STATE ex rel. HUGHES v. BRANDON, Probate Judge, et al. (6 Div. 710.)**

(Supreme Court of Alabama. Jan. 11, 1923.)

Sheriffs and constables ⬦⟶71—Board of revenue held not authorized to pay sheriff's fees out of general fund in excess of the amount payable out of fine and forfeiture fund, since abolished. ·

Under Acts 1898–99, p. 1823, approved February 23, 1899, limiting amounts which may be paid by Tuscaloosa county to the sheriff out of the fine and forfeiture fund on account of fees earned by him in prosecutions which have failed to exceed $1,250 in any one calendar year, the board of revenue of that county has no authority to order the payment of any claims in excess of that amount, notwithstanding Loc. Acts 1907, p. 66, approved February 21, 1907, abolishing the fine and forfeiture fund of that county, and providing all claims against such fund, outstanding at the passage of that act, are valid claims against the general fund; the latter act not being conflicting with, nor a repeal of, the former.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Petition of the State on the relation of Perry B. Hughes, for mandamus to W. W. Brandon, as Probate Judge, and others. Judgment denying the writ, and petitioner appeals. Affirmed.

The opinion rendered by the circuit judge is as follows:

"This is a petition for mandamus filed by the sheriff to compel the board of revenue· to pay certain fees set forth in the petition. The board of revenue filed its return to the rule to show cause, not denying that the said fees were legal fees and were earned by the sheriff, but stating that the only authority of said board to pay out of the general treasury of the county claims of the sheriff for fees of the kind involved in this petition was the act approved February 23, 1899, and found in the Acts of the Legislature, 1898–99, p. 1823; that said act limited the amounts which might be paid to the sheriff out of the general fund on account of such fees to not exceeding $1,250 in any one calendar year; that the fees for which payment was claimed were earned during the calendar year 1921, and that the board of revenue had already paid to the sheriff on account of such fees earned during said calendar year $1,250, and had no authority of law to order any further sum paid petitioner on account of such fees.

"It was admitted in open court by the parties that the fees, payment for which is sought to be compelled, were legal fees earned by the sheriff during the year 1921 in state cases, in which the prosecution failed for various causes, and that the fees would have been legal claims against the fine and forfeiture fund, if the county of Tuscaloosa had a fine and forfeiture fund. It was also admitted that during the year 1921 the board of revenue had paid to the sheriff on account of fees of like character earned by him $1,250, and that, if the claims involved in this suit were paid, the year 1921 would exceed $1,250 by the amount of these claims so involved. It was further admitted by the parties that the said claims were duly presented in a legal manner to the board of revenue for payment, and the board declined to order them to be paid. It was further admitted that the board of revenue was the party having authority to order claims paid out of the general fund of Tuscaloosa county, and the proper party to whom claims against the general fund should be presented. * * *

"The act approved February 23, 1899, hereinabove referred to, without affecting the fine and forfeiture fund of Tuscaloosa county, save in the authority of the proper county authorities to pay the amounts therein stated to the clerk and sheriff, and to that extent reducing the claims against the fine and forfeiture fund, limits the amount which may be paid the sheriff on account of such claims out of the general fund to not exceeding $1,250 in any one calendar year. Unless there is some other act of the Legislature authorizing the payment of a larger amount to the sheriff on account of such fees, this act limits the authority of the board of revenue, and it may not lawfully pay

out of the general fund on account of such fees a greater sum than $1,250 in any one calendar year.

"The act approved February 21, 1907 (Local Acts 1907, p. 66), abolishes the fine and forfeiture fund of Tuscaloosa county, so that since the approval of that act there has been no fine and forfeiture fund in Tuscaloosa county. The act directs that all funds which formerly had been paid into the fine and forfeiture fund thereafter be paid to the treasurer of the county to the credit of the general fund. Section 2 of the act provides that all valid claims against the fine and forfeiture fund outstanding at the passage of the act are valid claims against the general funds of the county, and must be paid out of the general fund, when properly registered and proven and upon the surrender of the certificate outstanding for the same. Section 3 repeals all laws in conflict with the provisions of the act so far as they apply to Tuscaloosa county.

"It is argued that, the fine and forfeiture fund having been abolished, claims presented by the sheriff in this proceeding are valid claims against the general fund and should be paid out of it. It is also argued that the act approved February 23, 1899, was impliedly, if not expressly, repealed by the latter act, approved February 21, 1907. Unless the provisions of the earlier act are in conflict with those of the later one, there is no repeal of the former. In my opinion there is no such conflict. The later act provides only for the payment out of the general fund of valid claims against the fine and forfeiture fund which were outstanding on the date of the passage of the act, February 21, 1907. It does not provide for the payment of any claims arising after the passage of that act which would be claims against the fine and forfeiture fund, if that fund still existed; whereas, the former act provides for the payment of such claims, up to a certain amount, which may accrue at any time while that act is in force. This being the case, there is no law authorizing the board of revenue to pay the sheriff on account of such claims a greater sum than $1,250 in any one calendar year.

"There are certain other laws providing for the payment of witness fees in state cases out of the general fund, but these laws are not material to the consideration of this case. In my opinion the act approved February 23, 1899, rules the law of this petition, and the board of revenue has no authority to pay the claims herein presented by the sheriff.

"It is therefore the order and judgment of the court that the petition be, and hereby is, denied and dismissed, and that the respondents to the petition be, and hereby are, discharged."

H. A. & D. K. Jones, of Tuscaloosa, for appellant.

Counsel argue for error in the judgment, and insist that the local act of 1899 was superseded by the local act of 1907, the provision in the former limiting the amount to be paid in any one year being without force or effect.

Foster, Verner & Rice, of Tuscaloosa, for appellees.

There is no law authorizing or requiring the payment of insolvent fees to the sheriff except the act of 1899, which limits the amount to be paid to $1,250, in any one year.

GARDNER, J. The sheriff of Tuscaloosa county seeks by this mandamus proceeding to compel the payment by the board of revenue of said county of certain insolvent fees out of the general funds of the county. From the judgment of the court upon a final hearing, denying the petition, this appeal is prosecuted.

The learned judge of the court below has written an opinion giving the reasons for the conclusion reached, and which opinion also clearly states the question presented and the insistence of the respective parties to the cause. We have carefully examined the two local acts here involved in the light of argument of counsel, and have concluded that the trial court has properly construed these local acts and correctly ruled in dismissing the petition. We find ourselves in full accord with the opinion of the court below, and we therefore here adopt it as our own. Let the opinion be set out in the report of the case.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.